IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. NELSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL NO. 10-cv-750-MJR |
| vs. | ) |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On December 16, 2008, Petitioner was indicted on violations of 21 U.S.C. §841(a)(1); 21 U.S.C. §841(b)(1)(A)(iii); 18 U.S.C. §924(c)(1)(A); and 18 U.S.C. §922(g)(1). Petitioner was sentenced to 180 months imprisonment. Petitioner neither appealed the decision nor petitioned for a writ of certiorari to the Supreme Court of the United States.

In his § 2255 motion, Petitioner raises various grounds for relief: he claims that he was the victim of an illegal traffic stop, in that he was allegedly stopped for a seatbelt violation, but did not receive a citation for that violation and that officers then performed a search of his vehicle and found contraband; that the grand jury was shown photos that misrepresented the charges against him (specifically Petitioner complains that because he was charged with narcotics violations, the photos shown to the grand jury should have contained narcotics, and that Petitioner had been pulled over in a large SUV, and the grand jury was shown a photo of a small truck); that counsel was ineffective for not challenging the photos, the traffic stop, or failing to explain to Petitioner that he was waiving

his right to appeal; that this Court did not have jurisdiction to convict him because the arresting officer and jail failed to file a complaint.

Although Petitioner signed a waiver of his right to appeal pursuant to his voluntary plea of guilty (Doc. 32 ), Petitioner alleges that his habeas motion should stand because he is alleging that counsel was ineffective in explaining the waiver to him and then representing his interests. A valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that his plea agreement was itself the product of ineffective assistance of counsel. *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir.1999); *US v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001).

The Court **ORDERS** the Government to file a response to Petitioner's motion **no later than March 25, 2011.** The Government shall, as part of its response, attach all relevant portions of the record. The pending motion to Dismiss Defendant's Section 2255 Motion (Doc.3) is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 11, 2011

/s/ MICHAEL J. REAGAN
DISTRICT JUDGE